# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**WILLIAM PERRY NEWHOUSE,**
and Executor of his Estate, **DELVA NEWHOUSE,**

    **Plaintiffs,**

v.                                            Case No. 2:17-cv-02735

**ETHICON, INC.,** *et al.*,

    **Defendants.**

## ORDER AND NOTICE

Pending before the court are the plaintiffs' Motion for Objection and to Strike Defendants' Answers/Defenses to Complaint (ECF No. 17), the plaintiffs' Motion for Objection to Defendants' "Statement of Visiting Attorney and Designation of Local Counsel" (ECF No. 18), and the plaintiff's Motion to Demand Jury Trial by Right Endorsed Hereon (ECF No. 23). The undersigned will address each motion in turn.

### A.    Motion to Strike Answers/Defenses to Complaint.

The plaintiffs' Motion for Objection to Strike Answers/Defenses to Complaint (ECF No. 17) requests that the court strike the defendants' Answers to the Complaint, and all defenses raised therein, on the basis that they have been raised and demonstrated to be meritless in other litigation. Thus, the plaintiffs appear to be asserting that the defendants are barred from requesting any pre-trial dismissal of this matter on the basis of *res judicata*.

The defendants filed a Response to the plaintiffs' motion asserting that their Answers to the Complaint satisfy the requirements of Rule 8(b)(1) of the Federal Rules of

Civil Procedure and that the plaintiffs' assertion that *res judicata* bars their defenses is without merit because the plaintiffs cannot demonstrate that there is a final judgment on the merits involving the same parties to this litigation. Thus, the defendants further assert that the plaintiffs' motion is an improper attempt to argue the merits of their case and fails to identify any other valid basis to strike the Answers and affirmative defenses preserved therein. The undersigned agrees. Accordingly, for reasons appearing to the court, the plaintiffs' Motion for Objection to Strike Answers/Defenses to Complaint (ECF No. 17) is **DENIED**.

### B. The plaintiffs' Motion/Objection to Defendants' Statement of Visiting Attorney and Designation of Local Counsel.

In this motion, the plaintiffs appear to be objecting to the appearance in this action by a visiting attorney, Fred E. Bourn, III, of the law firm of Butler Snow in Ridgeland, Mississippi, with Phillip J. Combs, of Thomas Combs & Spann, designated as local counsel, on the basis that Mr. Bourn has not demonstrated that he possesses a valid law license and, further, has not demonstrated what utility his appearance will bring to the defense of this matter. In response, the defendants assert that Mr. Bourn's appearance herein complies with all of the requirements of Local Rule 83.6 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia governing the admission of visiting attorneys.

The undersigned **FINDS** that Mr. Bourn and Mr. Combs have complied with the requirements of Local Rule 83.6, and that there is no other valid basis for the plaintiffs' objection. Accordingly, the plaintiffs' Motion/Objection to Defendants' Statement of Visiting Attorney and Designation of Local Counsel (ECF No. 18) is **DENIED**.

### C. The plaintiffs' Motion to Demand Jury Trial.

On May 29, 2018, the plaintiff filed a Motion to Demand Jury Trial by Right Endorsed Hereon (ECF No. 23), in which they, again, object to the defendants' filing of Answers preserving potential affirmative defenses on the basis that such defenses are allegedly procedurally barred by *res judicata*. By way of this motion, the plaintiffs move for an immediate trial by jury. The plaintiffs' motion is premature.

This matter has been stalled by proceedings to determine whether it should be transferred to a multi-district litigation (MDL) proceeding, MDL 2782, pending in the United States District Court for the Northern District of Georgia. Both the plaintiffs and defendants objected to such transfer and the matter has been returned to this court for further proceedings. Because there are numerous actions which must occur before the court can determine whether a jury trial is appropriate in this matter, the court will treat the plaintiffs' motion as a Jury Demand, preserving the plaintiffs' request for a jury trial. Accordingly, the Motion for Jury Trial (ECF No. 23) is **DENIED WITHOUT PREJUDICE**.

### D. Time Frame Order for additional proceedings herein.

This matter is ready to proceed. Pursuant to Fed. R. Civ. P. 16(b) and Local Rule of Civil Procedure 16.1(e), it is hereby **ORDERED** that the parties shall conform to the following schedule:

| | |
|---|---|
| 08-13-18 | Motions under Rule 12(b) of the Federal Rules of Civil Procedure, together with separate supporting briefs, memoranda, affidavits or other such matter in support thereof. |
| 09-10-18 | Last day for Rule 26(f) meeting. |
| 09-17-18 | Last day to file Rule 26(f) meeting report. *See* L.R. Civ.P. 16.1(b) and Fed. R. Civ. P. Form 35. |

| | | |
|---|---|---|
| 10-1-18 | | Scheduling conference at **10:00 a.m.** before <u>United States Magistrate Judge Dwane L. Tinsley</u>, at the Robert C. Byrd United States Courthouse, 300 Virginia Street East, **Room 5400**, Charleston, West Virginia.  All *pro se* parties and lead and/or local counsel are directed to appear in person, and all out-of-town counsel may appear by telephone.  At the scheduling/status conference, the parties shall be prepared to discuss the following: |

- (a) the discovery to be completed and the amount of time necessary for its completion;

- (b) the further formulation and simplification of issues, including possible elimination of claims or defenses;

- (c) the possibility of entering into stipulations regarding issues for trial;

- (d) the possibility of obtaining admissions regarding facts and documents; and

- (e) other matters that will assist the parties in reaching a final resolution of this matter.

| | |
|---|---|
| 10-11-18 | Entry of scheduling order. |
| 10-15-18 | Last day to make Rule 26(a)(1) disclosures. |

The provisions of Fed. R. Civ. P. 14 and 15 with respect to the time in which third-party claims and to amend pleadings without leave of court are not affected by this Order and Notice.  Pursuant to L.R. Civ. P. 16.1 and 73.1, the parties are informed of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, including entry of judgment, as authorized by 28 U.S.C. § 636. The parties may consent by filing a Consent to Jurisdiction by a United States Magistrate Judge (F.R. Civ. P. Form 34), or by so indicating on the Report of Parties' Planning Meeting and Scheduling Order Worksheet, all of which are available on the court's website.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER: July 17, 2018

Dwane L. Tinsley
United States Magistrate Judge