IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WILLIAM PERRY NEWHOUSE,**
**and Executor of his Estate,**
**DELVA NEWHOUSE,**

      **Plaintiff,**

v.                                                              **Case No. 2:17-cv-02735**

**ETHICON, INC.** *et al.*,

      **Defendants.**

**O R D E R**

**A.    Motion for Removal of Magistrate Judge.**

Pending before the court is Delva Newhouse's "Motion to Demand the Magistrate be Removed from Case for Good Cause and Prejudice" (ECF No. 66). In particular, Ms. Newhouse seeks the removal of the referral of this matter to the undersigned because "[n]o consent was ever given by either party for this Magistrate Judge to proceed over this case as required by clearly established Federal Civil Court Rule 53(a)(2), 28 U.S.C. § 636(c), and 28 U.S.C. § 455." (ECF No. 66 at 1). The motion further asserts that the undersigned has "failed to issue any type of Report and Recommendation(s) on any claims/motions, in order to protect Fellow Members of the BAR and Defendants Corporate Interests at the expense of irreparable harms/injuries, sufferings, and deaths of the Plaintiff and innocent U.S. Citizens." (*Id.*)

Ms. Newhouse appears to misunderstand the referral of this matter to the undersigned. While 28 U.S.C. § 636(c) permits the parties to consent to a magistrate

judge conducting any or all proceedings in a jury or nonjury civil matter, including the entry of a final judgment, section 636(b)(1) permits a district judge to designate a magistrate judge to hear and determine any pretrial matter, and for certain enumerated motions or types of proceedings, to submit proposed findings of fact and recommendations for disposition to the presiding district judge. Because the plaintiff is proceeding *pro se*, this matter was referred by Standing Order (ECF No. 5) to the undersigned United States Magistrate Judge to consider all pretrial proceedings and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). 28 U.S.C. § 636(b)(1); *see also Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 and n.7 (4th Cir. 2016) ("Section 636(b) permits a district court to assign *any* pretrial matter to a magistrate judge.").

Thus, this matter is properly referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and section 636(c) is not presently implicated. Moreover, no dispositive motions have been filed that have required the submission of a Report and Recommendation containing proposed findings of fact and recommendation for disposition under section 636(b)(1)(B).

To the extent that Ms. Newhouse's motion seeks to disqualify the undersigned United States Magistrate Judge, such a motion is governed by 28 U.S.C. § 455. Specifically, the plaintiff's motion appears to implicate subsections (a) and (b)(1) of that statute. Title 28, United States Code, Section 455(a) provides, in pertinent part, that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) also mandates disqualification where a magistrate judge "has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1).

The standard for determining disqualification is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989). This is an objective standard and recusal under section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (concluding that a reasonable person would not be convinced of bias based on judicial rulings alone). The plaintiff bears the burden of proving facts that justify recusal. *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

In accordance with the provisions of 28 U.S.C. §§ 455(a) and (b)(1), the undersigned denies having any personal bias or prejudice concerning the parties herein, and firmly believes that his impartiality cannot reasonably be questioned in this case. Ms. Newhouse's assertions appear to be based solely on the fact that the undersigned has not issued a Report and Recommendation for disposition in this matter or expedited the proceedings for an immediate jury trial without discovery or other pretrial proceedings, and her dissatisfaction with the undersigned's rulings in the matter thus far.

Therefore, the undersigned **FINDS** that there is no valid basis for disqualification of the undersigned or re-assignment of this matter. Accordingly, it is hereby **ORDERED** that the "Motion to Demand the Magistrate be Removed from Case for Good Cause and Prejudice" (ECF No. 66) is **DENIED.**

B.  **Rescheduling of status conference.**

In order to resolve the issue of substitution of the proper plaintiff and to address other pending motions and further proceedings in this matter, the status conference previously ordered to take place on April 11, 2019 will be expedited.  It is hereby **ORDERED** that a status conference will take place in this matter on **Thursday, March 28, 2019 at 11:00 a.m. in Courtroom 5400, Robert C. Byrd Courthouse, 300 Virginia Street East, in Charleston, West Virginia**.  Delva Newhouse and counsel for the defendants are expected to appear in person.

It is further **ORDERED** that Ms. Newhouse shall bring with her to the hearing the following documents or evidence:  (1) a copy of the Order appointing her as the executrix of the estate of William Perry Newhouse, III; (2) evidence that Mr. Newhouse's sons have renounced any interest they may have in the estate and that there are no other beneficiaries; and (3) evidence that there are no other creditors of the estate.  Ms. Newhouse should be prepared to discuss the status of the settlement of Mr. Newhouse's estate.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER:     March 8, 2019

_____
Dwane L. Tinsley
United States Magistrate Judge